## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, | : | CASE NO. _____ |
| | : | |
| *Plaintiff,* | : | JUDGE _____ |
| | : | |
| v. | : | |
| | : | |
| JAMES A. MILNES, | : | |
| | : | |
| *Defendant.* | : | |

## MERRILL LYNCH'S PETITION TO CONFIRM
## ARBITRATION AWARD AND FOR ENTRY OF FINAL JUDGMENT

Plaintiff Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"), by its undersigned attorneys, respectfully petitions this Court for an Order confirming the award of a duly appointed securities industry arbitration panel (the "Panel"), together with interest, fees, and costs, pursuant to the Federal Arbitration Act and the Financial Industry Regulatory Authority Code of Arbitration Procedure (the "Petition"). In support thereof, Merrill Lynch avers as follows:

### THE PARTIES

1.      Merrill Lynch is a national securities brokerage firm and a member firm of the Financial Industry Regulatory Authority ("FINRA").

2.      James A. Milnes ("Milnes") is a citizen of the Commonwealth of Pennsylvania, and, upon information and belief, resides at 512 Dorset Road, Devon, Pennsylvania. Milnes was employed as a Financial Advisor in Merrill Lynch's Philadelphia office from December 2002 to September 2008.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the present Petition under 28 U.S.C. § 1332(a).

Milnes is a citizen of the Commonwealth of Pennsylvania and Merrill Lynch is a corporation

incorporated under the laws of the State of Delaware with its principal place of business in the

State of New York.  Merrill Lynch is therefore a citizen of both Delaware and New York.  The

matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.      Pursuant to 28 U.S.C. § 1391, the Eastern District of Pennsylvania is the proper

venue for this Petition because the cause of action accrued in Philadelphia County, Pennsylvania

and the arbitration hearing was held in Philadelphia, Pennsylvania.

## THE FINRA ARBITRATION

5.      When Milnes began his employment with Merrill Lynch, he received a loan from

Merrill Lynch in the amount of $600,000, the terms of which are set forth in the *Promissory Note*

attached hereto as Exhibit "**A**."

6.      By executing the *Promissory Note*, Milnes agreed to repay Merrill Lynch the

principal loan in the amount of $600,000, together with interest at a rate of 4.75% per annum.

See Exhibit "**A**" at ¶ 1.

7.      In addition, Milnes contractually agreed to pay Merrill Lynch's reasonable

attorney's fees in the event legal proceedings were required for collection of any outstanding

balances under the *Promissory Note*.  See Exhibit "**A**" at ¶ 7.

8.      On September 15, 2008, Milnes voluntarily resigned his employment with Merrill

Lynch.

9.      Despite Merrill Lynch's demand for repayment, Milnes failed and refused to

repay the balance of the *Promissory Note* after his resignation.

10.      Therefore, on October 5, 2009, Merrill Lynch instituted an arbitration action with FINRA, captioned <u>Merrill Lynch, Pierce, Fenner & Smith Incorporated v. James A. Milnes</u>, FINRA No. 09-05711, to collect the balance, plus interest and attorney's fees, on the *Promissory Note*.

11.      On February 7, February 8, and July 13, 2011, Merrill Lynch and Milnes arbitrated Merrill Lynch's claims against Milnes, as well as Milnes's counterclaims for breach of contract and negligence, in a FINRA arbitration proceeding in Philadelphia, Pennsylvania.

12.      Milnes was bound to and did knowingly and voluntarily arbitrate the claims asserted in the arbitration pursuant to an arbitration agreement set forth in ¶ 5 on page 12 of 15 of his Uniform Application for Securities Industry Registration ("Form U-4"). Milnes's Form U-4 is attached hereto as Exhibit **"B."**

13.      Along with the Form U-4, Milnes also signed a disclosure in which he again agreed to arbitrate any dispute with Merrill Lynch. See <u>id.</u>, Attachment A.

14.      On September 8, 2011, FINRA served the parties with the Panel's Award, which requires Milnes to pay Merrill Lynch $134,204.50 in compensatory damages, $18,018.72 in accrued interest, and $81,758.21 in attorney's fees, for a total award of $233,981.43. A true and correct copy of the Award is attached hereto as Exhibit **"C."**

15.      Milnes agreed in his Form U-4 that "any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction." See Exhibit **"B."**

16.      The FINRA Code of Arbitration Procedure, the rules governing FINRA arbitrations ("FINRA Rules"), provides that FINRA arbitration awards "may be entered as a judgment in any court of competent jurisdiction." See FINRA Rule 13904(a), attached hereto as

Exhibit **"D."**

17.    The Federal Arbitration Act ("FAA") governs the Petition because the arbitration agreement in this case, the Form U-4, is a contract evidencing a transaction involving interstate commerce.

18.    The FAA states that "[a]ny application to the court" under the FAA "shall be made and heard in the manner provided by law for the making and hearing of motions," unless otherwise provided in the FAA.  9 U.S.C. § 6.

19.    The FAA further provides that, if the parties have agreed that a judgment shall be entered upon an award, then at any time within one year after the award is made, any party to the arbitration may seek to confirm it, and the court must confirm the award unless it is vacated, modified, or corrected.  9 U.S.C. § 9.

20.    Accordingly, this Court should confirm the Award because:  (1) Milnes agreed to arbitrate all claims, and agreed that any arbitration award against him may be entered as a judgment by any court of competent jurisdiction (Exhibit **"B"** at ¶ 5); (2) the Award was issued in the City of Philadelphia, Philadelphia County, within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania; (3) the Award was issued in September 2011 (Exhibit **"C"**), which is within the one-year time limitation set forth in the FAA; and (4) the Award has not been "vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]."  9 U.S.C. § 9.

## INTEREST OWED ON THE AWARD

21.    The FINRA Rules provide that an award bears interest from the date the award was rendered if it is not paid within thirty (30) days of receipt.  See FINRA Rule 13904(j), attached hereto as Exhibit **"D."**

22.     FINRA's letter serving the Award reiterated Rule 13904(j)'s requirements by specifically providing that "the responsible party must pay any monetary awards within 30 days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction.  If an award is not paid within 30 days, the responsible party must pay post-judgment interest at the legal rate or as provided in the award by the arbitrators."  See Letter dated September 8, 2011 from FINRA, attached hereto as Exhibit **"E."**

23.     In a separate letter to Milnes's counsel, FINRA advised that the "30-day period ends on:  October 10, 2011."  See Letter dated September 8, 2011 from FINRA, attached hereto as Exhibit **"F."**

24.     As of the date of this Petition, Milnes has failed to satisfy his obligations under the terms of the Award, and the Award has not been vacated, modified, or corrected.

25.     Milnes owes annual interest on the Award (which does not, itself, provide a post-judgment interest rate), at the "legal rate of interest" of six percent per year from September 8, 2011 (the date the award was rendered) until he satisfies the Award.  41 P.S. § 202 (2011).

## ATTORNEY'S FEES AND COSTS SHOULD BE AWARDED

26.     Pursuant to the *Promissory Note*, Milnes agreed to pay Merrill Lynch's reasonable attorney's fees "[i]n the event legal proceedings are required to be brought for collection of any amount under this Promissory Note."  See Exhibit "A" at ¶ 7.

27.     Consequently, Milnes owes Merrill Lynch the fees it has incurred in filing this Petition.

28.     In addition, the Court should assess all costs for this action against Milnes.  See Fed. R. Civ. P. 54(d)(1).

**WHEREFORE,** Merrill Lynch hereby moves for entry of an Order confirming the

Award, plus applicable interest.  Merrill Lynch also seeks the costs, including attorney's fees,

incurred with filing the Petition and any other relief as this Court deems just and proper.


Respectfully submitted,

*Amy M. Fritsky*

Michael J. Fortunato
   *mfortunato@rubinfortunato.com*
Amy M. Fritsky
   *afritsky@rubinfortunato.com*
Rubin, Fortunato & Harbison P.C.
10 South Leopard Road
Paoli, Pennsylvania 19301
Tel:  610-408-2049
Fax:  610-854-1853

*Attorneys for Plaintiff Merrill Lynch,*
*Pierce, Fenner & Smith Incorporated*

Dated: November 1, 2011

# EXHIBIT "A"

## PROMISSORY NOTE

**FOR VALUE RECEIVED** and other good and valuable consideration, the undersigned unconditionally promises to pay to the order of MERRILL LYNCH, PIERCE, FENNER & SMITH INC., at One Liberty Place, 1650 Market Street (29), Philadelphia, PA 19103, the sum of Six Hundred Thousand and 00/100 Dollars ($600,000.00) with interest at the rate of Four and Three Quarters (4.750%) per annum.

A full explanation of the components of the payments is included on the loan schedule attached and incorporated by reference. Such payments shall be repaid to Merrill Lynch in the manner as follows:

The sum Eight Thousand Six Hundred Seventy Two and 78/100 Dollars ($8,672.78) shall be deducted each month from the undersigned's compensation at the time compensation is paid during each month from April 2003 through December 2009. For purposes of this Note, "compensation" shall include, but not be limited to, incentive compensation, transition compensation, bonuses and/or monthly salary.

By signing this Note, the undersigned explicitly authorizes Merrill Lynch to deduct this amount from compensation on a monthly basis, as long as the loan remains unpaid. The undersigned acknowledges that Merrill Lynch will make these deductions solely to facilitate the payment of interest and principal and that these deductions are a benefit to the undersigned.

Should the combined net after-tax amount of the undersigned's compensation for any month be an amount less than Eight Thousand Six Hundred Seventy Two and 78/100 Dollars ($8,672.78), then Merrill Lynch may recover any deficiency from any account held at Merrill Lynch by the undersigned alone or jointly with another (including, but not limited to, the undersigned's Cash Management Account), and/or from any compensation, credits, or property of the undersigned that is/are in the possession or control of Merrill Lynch for any reason. Additionally, the undersigned understands and agrees that any deficiency outstanding at the end of any month may be deducted from any subsequent compensation.

The undersigned shall have the right to prepay this Note in whole or in part at any time without penalty. Merrill Lynch in its sole discretion may demand payment earlier than the due dates recited herein.

The undersigned hereby waives demand, presentment for payment, notice of non-payment and protest. In the event legal proceedings are required to be brought for collection of any amount under this Promissory Note, the undersigned promises to pay reasonable attorney's fees.

_____

**JAMES MILNES**

State of _____ )
County of _____ ): ss.
                  )

Subscribed and Sworn to
before me this _____ day
of _____, 2002.

```
        NOTARIAL SEAL
DEBORAH A. WASCOW, Notary Public
  City of Philadelphia, Phila. County
My Commission Expires November 13, 2006
```

_____
**NOTARY PUBLIC**

2

# EXHIBIT "B"

# FORM U-4
## UNIFORM APPLICATION FOR SECURITIES INDUSTRY REGISTRATION OR TRANSFER

**U4 - RELICENSE**
12/13/2002

Rev Form U-4 (03/2002)

### 1. GENERAL INFORMATION

| | | |
|---|---|---|
| **First Name:**<br>JAMES | **Middle Name:**<br>ANTHONY | **Last Name:**<br>MILNES |
| | | **Suffix:**<br>JR |
| **Firm CRD #:**<br>7691 | **Firm Name:**<br>MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED | **Employment Date** (MM/DD/YYYY):<br>12/06/2002 |
| **Firm Billing Code:**<br>050-871 | **Individual CRD #:**<br>1311457 | **CRD Branch #:** |

**Office of Employment Address Street 1:**
ONE LIBERTY PLACE

**Individual SSN:**
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

**Office of Employment Address Street 2:**
1650 MARKET PLACE

| **City:**<br>PHILADELPHIA | **State:**<br>Pennsylvania | **Country:**<br>USA | **Postal Code:**<br>19103 |
|---|---|---|---|

**Private Residence Check Box:**

If the Office of Employment address is a private residence, check this box. ☐

### 2. FINGERPRINT INFORMATION

Rev Form U-4 (03/2002)

<u>Electronic Filing Representation</u>

⊙ By selecting this option, I represent that I am submitting or promptly will submit to the appropriate *SRO* a fingerprint card required under applicable *SRO* rules.

Fingerprint card barcode 2025090433

<u>Exceptions to the Fingerprint Requirement</u>

○ By selecting this option, I affirm that

- I have been employed continuously by the *filing firm* in an unregistered capacity since the last submission of a fingerprint card, or
- I am exempt from the fingerprint requirement because I meet one or more of the exemptions established by Rule 17f-2 under the Securities Exchange Act of 1934.

<u>Investment Adviser Representative Only Applicants</u>

○ I affirm that I am applying only as an investment adviser representative and that I am not also applying or have not also applied to become a

https://filing.crd.nasdr.com/TRMa/u4uS/CRD_FRM_U4U5ViewHist.asp?yFR=0&RcINum=2925815075639BED&form=U4&type=RELICENSE 12/13/02

OFFICE OF GENERAL COUNSEL
REGISTRATION DEPT
2002 DEC 31   P 12

Web CRD » U4 Print Preview - Ref # 2925815075639BED » All Sections

Page 2 of 15

broker-dealer representative. If this radio button/box is selected, continue below.

C  I am applying for registration only in *jurisdictions* that do not have fingerprint card filing requirements, or

C  I am applying for registration in *jurisdictions* that have fingerprint card filing requirements and I am submitting the appropriate fingerprint card directly to the *jurisdictions* for processing.

---

### 3. REGISTRATIONS WITH UNAFFILIATED FIRMS

Rev Form U-4 (03/2002)

Some *jurisdictions* prohibit "dual registration," which occurs when an individual chooses to maintain a concurrent registration as a representative/agent with two or more *firms* (either BD or IA *firms*) that are not affiliated. *Jurisdictions* that prohibit dual registration would not, for example, permit a broker-dealer agent working with brokerage *firm* A to maintain a registration with brokerage *firm* B if *firms* A and B are not owned or controlled by a common parent. Before seeking a dual registration status, you should consult the applicable rules or statutes of the *jurisdictions* with which you seek registration for prohibitions on dual registrations or any liability provisions.

Please indicate whether the individual will maintain a "dual registration" status by answering the questions in this section. (Note  An individual should answer 'yes' only if the individual is currently registered and is seeking registration with a *firm* (either BD or IA) that is not affiliated with the individual's current employing *firm*. If this is an initial application, an individual must answer 'no' to these questions; a "dual registration" may be initiated only after an initial registration has been established)

Answer "yes" or "no" to the following questions:

                                                        Yes    No

**A.** Will *applicant* maintain registration with a broker-dealer that is not *affiliated* with the *filing firm*? If you answer "yes," list the *firm*  C    C
    (s) in Section 12 (Employment History)

**B.** Will *applicant* maintain registration with an investment adviser that is not *affiliated* with the *filing firm*? If you answer "yes," list  C    C
    the *firm*(s) in Section 12 (Employment History)

---

### 4. SRO REGISTRATIONS

Rev Form U-4 (03/2002)

**Check appropriate *SRO* Registration requests.**
Qualifying examinations will be automatically scheduled if needed. If you are only scheduling or re-scheduling an exam, skip this section and complete Section 7 (EXAMINATION REQUESTS).

| REGISTRATION CATEGORY | NASD | NYSE | AMEX | BSE | CSE | PCX | CBOE | CHX | PHLX | ISE |
|---|---|---|---|---|---|---|---|---|---|---|
| OP - Registered Options Principal (S4) | | | | | | | | | | |
| IR - Investment Company and Variable Contracts Products Rep (S6) | | | | | | | | | | |

https://filing.crd.nasdr.com/FRM/u4u5/CRD_FRM_U4U5ViewHist.asp?PR=0&RefNum=2925815075639BED&form=U4&type=RELICENSE 12/13/02

Web CRD » U4 Print Preview - Ref # 29258150756398ED » All Sections

| Registration Category | NASD | NYSE | AMEX | BSE | CSE | PCX | CBOE | CHX | PHLX | ISE |
|---|---|---|---|---|---|---|---|---|---|---|
| GS - Full Registration/General Securities Representative (S7) | □ | □ | □ | □ | □ | □ | □ | □ | □ | □ |
| TR - Securities Trader (S7) | □ | □ | □ | □ | □ | □ | □ | □ | □ | □ |
| TS - Trading Supervisor (S7) | □ | □ | □ | □ | □ | □ | □ | □ | □ | □ |
| SU - General Securities Sales Supervisor (S9 and S10) | □ | □ | □ | □ | □ | □ | □ | □ | □ | □ |
| BM - Branch Office Manager (S9 and S10) | □ | □ | □ | □ | □ | □ | □ | □ | □ | □ |
| SM - Securities Manager (S12) | □ | □ | □ | □ | □ | □ | □ | □ | □ | □ |
| AR - Assistant Representative/Order Processing (S11) | □ | □ | □ | □ | □ | □ | □ | □ | □ | □ |
| **REGISTRATION CATEGORY** | NASD | NYSE | AMEX | BSE | CSE | PCX | CBOE | CHX | PHLX | ISE |
| 1E - United Kingdom - Limited General Securities Registered Representative (S17) | □ | □ | □ | □ | □ | □ | □ | □ | □ | □ |
| OR - Direct Participation Program Representative (S22) | □ | □ | □ | □ | □ | □ | □ | □ | □ | □ |
| GP - General Securities Principal (S24) | □ | □ | □ | □ | □ | □ | □ | □ | □ | □ |
| IP - Investment Company and Variable Contracts Products Principal (S26) | □ | □ | □ | □ | □ | □ | □ | □ | □ | □ |
| FA - Foreign Associate | □ | □ | □ | □ | □ | □ | □ | □ | □ | □ |
| FN - Financial and Operations Principal (S27) | □ | □ | □ | □ | □ | □ | □ | □ | □ | □ |
| FI - Introducing Broker-Dealer/Financial and Operations Principal (S28) | □ | □ | □ | □ | □ | □ | □ | □ | □ | □ |
| DP - Direct Participation Program Principal (S39) | □ | □ | □ | □ | □ | □ | □ | □ | □ | □ |
| OR - Options Representative (S42) | □ | □ | □ | □ | □ | □ | □ | □ | □ | □ |
| **REGISTRATION CATEGORY** | NASD | NYSE | AMEX | BSE | CSE | PCX | CBOE | CHX | PHLX | ISE |
| MR - Municipal Securities Representative (S52) | □ | □ | □ | □ | □ | □ | □ | □ | □ | □ |
| MP - Municipal Securities Principal (S53) | □ | □ | □ | □ | □ | □ | □ | □ | □ | □ |
| CS - Corporate Securities Representative (S62) | □ | □ | □ | □ | □ | □ | □ | □ | □ | □ |
| RG - Government Securities Representative (S72) | □ | □ | □ | □ | □ | □ | □ | □ | □ | □ |
| PG - Government Securities Principal (S73) | □ | □ | □ | □ | □ | □ | □ | □ | □ | □ |
| SA - Supervisory Analyst (S16) | □ | □ | □ | □ | □ | □ | □ | □ | □ | □ |
| PR - Limited Representative - Private Securities Offerings (S82) | □ | □ | □ | □ | □ | □ | □ | □ | □ | □ |
| CD - Canada-Limited General Securities Registered Representative (S37) | □ | □ | □ | □ | □ | □ | □ | □ | □ | □ |
| CN - Canada-Limited General Securities Registered Representative (S38) | □ | □ | □ | □ | □ | □ | □ | □ | □ | □ |
| **REGISTRATION CATEGORY** | NASD | NYSE | AMEX | BSE | CSE | PCX | CBOE | CHX | PHLX | ISE |

Web CRD » U4 Print Preview - Ref # 2925815075639BED » All Sections

| REGISTRATION CATEGORY | NASD | NYSE | AMEX | BSE | CSE | PCX | CBOE | CHX | PHLX | ISE |
|---|---|---|---|---|---|---|---|---|---|---|
| ET - Equity Trader (S55) | | | | | | | | | | |
| AM - Allied Member | | | | | | | | | | |
| AP - Approved Person | | ☐ | ☐ | ☐ | ☐ | | | | | |
| LE - Securities Lending Representative | | ☐ | ☐ | ☐ | ☐ | | | | | |
| LS - Securities Lending Supervisor | | ☐ | ☐ | ☐ | ☐ | | | | | |
| ME - Member Exchange | | ☐ | ☐ | ☐ | ☐ | | | | | |
| FE - Floor Employee | | ☐ | ☐ | ☐ | ☐ | | | | | |
| OF - Officer | | ☐ | ☐ | ☐ | ☐ | | | | | |
| CO - Compliance Official (S14) | | ☐ | ☐ | ☐ | ☐ | | | | | |
| CF - Compliance Official Specialist (S14A) | | ☐ | | | | | | | | |
| PM - Floor Member Conducting Public Business | | ☐ | ☐ | | | | | | | |
| PC - Floor Clerk Conducting Public Business | | ☐ | ☐ | | | | | | | |
| SC - Specialist Clerk (S21) | | ☐ | | | | | | | | |
| TA - Trading Assistant (S25) | | ☐ | | | | | | | | |
| SF - Single Stock Futures (S43) | ☐ | | | | | | | | | |
| FP - Municipal Fund (S51) | ☐ | | | | | | | | | |
| IF - In-Firm Delivery Proctor | ☐ | | | | | | | | | |
| Other _____ (Paper Form Only) | | | | | | | | | | |

## 5. JURISDICTION REGISTRATION

Check appropriate *jurisdiction(s)* for AG (Broker-Dealer Agent) and/or RA (Investment Adviser Representative) registration requests.

| JURISDICTION | AG | RA | JURISDICTION | AG | RA | JURISDICTION | AG | RA | JURISDICTION | AG | RA |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alabama | ☒ | ☐ | Illinois | ☒ | ☐ | Montana | | | Puerto Rico | | ☐ |
| Alaska | ☒ | ☐ | Indiana | ☒ | ☐ | Nebraska | | | Rhode Island | ☒ | ☐ |
| Arizona | ☒ | ☐ | Iowa | | | Nevada | | | South Carolina | ☒ | ☐ |
| Arkansas | ☒ | ☐ | Kansas | ☒ | ☐ | New Hampshire | | | South Dakota | ☒ | ☐ |
| California | ☒ | ☐ | Kentucky | ☒ | ☐ | New Jersey | | | Tennessee | ☒ | ☐ |
| Colorado | | | Louisiana | | | New Mexico | | | Texas | | |

Rev Form U-4 (03/2002)

Web CRD » U4 Print Preview - Ref # 2925815075639BED » All Sections

| State | | | State | | |
|---|---|---|---|---|---|
| Connecticut | ☒ | ☐ | Maine | ☒ | ☐ |
| Delaware | ☒ | ☐ | Maryland | ☒ | ☐ |
| District of Columbia | ☒ | ☐ | Massachusetts | ☒ | ☐ |
| Florida | ☒ | ☐ | Michigan | ☒ | ☐ |
| Georgia | ☒ | ☐ | Minnesota | ☒ | ☐ |
| Hawaii | ☒ | ☐ | Mississippi | ☒ | ☐ |
| Idaho | ☒ | ☐ | Missouri | ☒ | ☐ |

| State | | | State | | |
|---|---|---|---|---|---|
| New York | ☒ | ☐ | Utah | ☒ | ☐ |
| North Carolina | ☒ | ☐ | Vermont | ☒ | ☐ |
| North Dakota | ☒ | ☐ | Virginia | ☒ | ☐ |
| Ohio | ☒ | ☐ | Washington | ☒ | ☐ |
| Oklahoma | ☒ | ☐ | West Virginia | ☒ | ☐ |
| Oregon | ☒ | ☐ | Wisconsin | ☒ | ☐ |
| Pennsylvania | ☒ | ☐ | Wyoming | ☒ | ☐ |

**AGENT OF THE ISSUER TERMINATION (AI)** ☐ Indicate 2 letter *jurisdiction* code(s):

Rev Form U-4 (03/2002)

## 6. REGISTRATION REQUESTS WITH AFFILIATED FIRMS

Will *applicant* maintain registration with *firm(s)* under common ownership or control with the *filing firm*?
If "yes", fill in the details to indicate a request for registration with additional *firm(s)*.

○ Yes    ⊙ No

No Information Filed

Rev Form U-4 (03/2002)

## 7. EXAMINATION REQUESTS

**Scheduling or Rescheduling Examinations** Complete this section only if you are scheduling or rescheduling an examination or continuing education session. Do not select the Series 63 or 65 examinations in this section if you have completed Section 5 (JURISDICTION REGISTRATION) and have selected registration in a *jurisdiction*. If you have completed the Series 63 (JURISDICTION REGISTRATION), and requested a Broker Dealer Agent (AG) registration in a *jurisdiction* that requires that you pass the Series 63 examination, a Series 63 examination will be automatically scheduled for you upon submission of this Form U-4. If you have completed Section 5 (JURISDICTION REGISTRATION), and requested an Investment Adviser Representative (RA) registration in a *jurisdiction* that requires that you pass the Series 65 examination, a Series 65 examination will be automatically scheduled for you upon submission of this Form U-4.

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ S3 | ☐ S11 | ☐ S22 | ☐ S32 | ☐ S51 | ☐ S72 | |
| ☐ S4 | ☐ S12 | ☐ S24 | ☐ S33 | ☐ S52 | ☐ S73 | |
| ☐ S5 | ☐ S14 | ☐ S25 | ☐ S37 | ☐ S53 | ☐ S82 | |
| ☐ S6 | ☐ S14A | ☐ S26 | ☐ S38 | ☐ S55 | ☐ S101 | |
| ☐ S7 | ☐ S15 | ☐ S27 | ☐ S39 | ☐ S62 | ☐ S106 | |
| ☐ S7A | ☐ S16 | ☐ S28 | ☐ S42 | ☐ S63 | ☐ S201 | |
| ☐ S9 | ☐ S17 | ☐ S30 | ☐ S43 | ☐ S65 | | |

https://filing crd nasdr com/FRM/u4u5/CRD_FRM_U4U5ViewIlist asp?FR=0&RefNum=2925815075639BED&form=U4&type=RELICENSE 12/13/02

Web CRD » U4 Print Preview - Ref # 2925815075639BED » All Sections

☐ S10       ☐ S21       ☐ S31       ☑ S66

Other

OPTIONAL  Foreign Exam City         (Paper Form Only)

Date (MM/DD/YYYY)

Rev Form U-4 (03/2002)

## 8. PROFESSIONAL DESIGNATIONS

Select each designation you currently maintain

☐ Certified Financial Planner

☐ Chartered Financial Consultant (ChFC)

☐ Personal Financial Specialist (PFS)

☐ Chartered Financial Analyst (CFA)

☐ Chartered Investment Counselor (CIC)

## 9. IDENTIFYING INFORMATION/NAME CHANGE

First Name:
JAMES

Middle Name:
ANTHONY

Last Name:
MILNES

Suffix:
JR

Date of Birth
(MM/DD/YYYY)
05/08/1953

State/Province of Birth
PENNSYLVANIA

Country of Birth

Sex
⊙ Male ○ Female

Height (ft)
6

Height (in)
0

Weight (lbs)
200

Hair Color
BROWN

Eye Color
BROWN

Rev Form U-4 (03/2002)

## 10. OTHER NAMES

Enter all other names that you have used or are using, or by which you are known or have been known, other than your legal name, since the age of 18. This field should include, for example, nicknames, aliases, and names used before or after marriage

| First Name | Middle Name | Last Name | Suffix |
|------------|-------------|-----------|--------|

https://filing.crd.nasdr.com/IFRMa/u4u5/CRD_FRM_U4U5ViewHist.asp?FR=0&RefNum=2925815075639BED&form=U4&type=RELICENSE 12/13/02

Rev Form U-4 (03/2002)

| Individual Name | MILNES (JR), JAMES ANTHONY | SSN | 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 |
| Individual CRD# | 1311457 | Firm CRD# | 7691 |

**U4 - RELICENSE**

**12/13/2002**

Rev Form U-4 (03/2002)

## 12. EMPLOYMENT HISTORY

Provide complete employment history for the past 10 years  Include the *firm*(s) noted in Section 1 (GENERAL INFORMATION) and Section 6 (REGISTRATION REQUESTS WITH AFFILIATED FIRMS). Include all *firm*(s) from Section 3 (REGISTRATION WITH UNAFFILIATED FIRMS)  Account for all time including full and part-time employments, self employment, military service, and homemaking. Also include statuses such as unemployed, full-time education, extended travel, or other similar statuses  Report changes as they occur.

| From | To | Name of *Firm* or Company | Investment-Related business? | City | State | Country | Position |
|------|------|---------------------------|------------------------------|------|-------|---------|----------|
| 12/2002 | | MERRILL LYNCH | ⦿Yes ○No | PHILADELPHIA | PA | USA | VP - FINANCIAL ADVISOR |
| 03/1999 | 12/2002 | DONALDSON, LUFKIN & JENRETTE SECURITIES CORPORATION | ⦿Yes ○No | BALA CYNWYD | PA | | VP - FINANCIAL ADVISOR |
| 09/1997 | 03/1999 | BT ALEX. BROWN INCORPORATED | ⦿Yes ○No | PHILADELPHIA | PA | | OTHER - REPRESENTATIVE |
| 02/1995 | 06/1997 | STARBOARD CAPITAL MARKETS, INC | ⦿Yes ○No | PHILADELPHIA | PA | | MANAGING DIRECTOR |
| 06/1991 | 02/1995 | CS FIRST BOSTON CORPORATION | ⦿Yes ○No | PHILADELPHIA | PA | | OTHER - VP SALES TFI |
| 05/1989 | 06/1991 | SMITH BARNEY, HARRIS UPHAM & CO, INCORPORATED | ⦿Yes ○No | PHILADELPHIA | PA | | OTHER - VP SALES TFI |
| 06/1984 | 05/1989 | GOLDMAN, SACHS & CO. | ⦿Yes ○No | PHILADELPHIA | PA | | OTHER - VP SALES TFI |

Web CRD » U4 Print Preview - Ref # 2925815075639BED » All Sections

Page 8 of 15

trading hours, and briefly describe your duties relating to the other business.

C Yes C No

Rev Form U-4 (03/2002)

## 14. DISCLOSURE QUESTIONS

**IF THE ANSWER TO ANY OF THE FOLLOWING QUESTIONS IS 'YES', COMPLETE DETAILS OF ALL EVENTS OR PROCEEDINGS ON APPROPRIATE DRP(S).**

**REFER TO THE EXPLANATION OF TERMS SECTION OF FORM U-4 INSTRUCTIONS FOR EXPLANATIONS OF ITALICIZED TERMS.**

### Criminal Disclosure

| | YES | NO |
|---|---|---|
| **14A. (1) Have you ever:** | | |
| (a) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic, foreign, or military court to any *felony*? | C | C |
| (b) been *charged* with any *felony*? | C | C |
| **(2) Based upon activities that occurred while you exercised *control* over it, has an organization ever:** | | |
| (a) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic or foreign court to any *felony*? | C | C |
| (b) been *charged* with any *felony*? | C | C |
| **14B. (1) Have you ever:** | | |
| (a) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic, foreign or military court to a *misdemeanor involving*: investments or an *investment-related* business or any fraud, false statements or omissions, wrongful taking of property, bribery, perjury, forgery, counterfeiting, extortion, or a conspiracy to commit any of these offenses? | C | C |
| (b) been *charged* with a *misdemeanor* specified in 14B(1)(a)? | C | C |
| **(2) Based upon activities that occurred while you exercised *control* over it, has an organization ever:** | | |
| (a) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic or foreign court to a *misdemeanor* specified in 14B(1)(a)? | C | C |
| (b) been *charged* with a *misdemeanor* specified in 14B(1)(a)? | C | C |

### Regulatory Disciplinary Actions

| | YES | NO |
|---|---|---|
| **14C. Has the U.S. Securities and Exchange Commission or the Commodity Futures Trading Commission ever:** | | |
| (1) *found* you to have made a false statement or omission? | C | C |
| (2) *found* you to have been *involved* in a violation of its regulations or statutes? | C | C |
| (3) *found* you to have been a cause of an *investment-related* business having its authorization to do business denied, suspended, | C | C |

Web CRD » U4 Print Preview - Ref # 2925815075639BED » All Sections

revoked, or restricted?

(4) entered an *order* against you in connection with *inve_____* *t-relate* ____vity?  �015  ⟎

(5) imposed a civil money penalty on you, or ____rced y____ cease ____t from any activity?  �015  ⟎

**14D. Has any other Federal regulatory agenc___ ___r any** reg___ **gency or *foreign financial regulatory authority* ever:**

(1) *found* you to have made a false statem___ ___t or om___ ___ bex___ ___t, unfair or unethical?  �015  ⟎

(2) *found* you to have been *involved* in a violation ___ men___ gulation(s) or statute(s)?  �015  ⟎

(3) *found* you to have been the cause of an *inves___ ___ted bus___ ___ving its authorization to do business denied, suspended, revoked or restricted?  �015  ⟎

(4) entered an *order* against you in connection wi___ *investment-related* activity?  �015  ⟎

(5) denied, suspended, or revoked your registration or license or otherwise, by *order*, prevented you from associating with an *investment-related* business or restricted your activities?  �015  ⟎

**14E. Has any self-regulatory organization or commodities exchange ever:**

(1) *found* you to have made a false statement or omission?  �015  ⟎

(2) *found* you to have been *involved* in a violation of its rules (other than a violation designated as a *"minor rule violation"* under a plan approved by the U. S. Securities and Exchange Commission)?  �015  ⟎

(3) *found* you to have been the cause of an *investment-related* business having its authorization to do business denied, suspended, revoked or restricted?  �015  ⟎

(4) disciplined you by expelling or suspending you from membership, barring or suspending your association with its members, or restricting your activities?  �015  ⟎

**14F. Has your authorization to act as an attorney, accountant or federal contractor ever been revoked or suspended?**  �015  ⟎

**14G. Have you been notified, in writing, that you are now the subject of any:**

(1) regulatory complaint or *proceeding* that could result in a "yes" answer to any part of 14C, D or E? *(If yes, complete the Regulatory Action Disclosure Reporting Page )*  �015  ⟎

(2) *investigation* that could result in a "yes" answer to any part of 14A, B, C, D or E? *(If yes, complete the Investigation Disclosure Reporting Page )*  �015  ⟎

**Civil Judicial Actions**

| | YES | NO |
|---|---|---|
| **14H. (1) Has any domestic or foreign court ever:** | | |
| (a) *enjoined* you in connection with any *investment-related* activity? | �015 | ⟎ |
| (b) *found* that you were *involved* in a violation of any *investment-related* statute(s) or regulation(s)? | �015 | ⟎ |
| (c) dismissed, pursuant to a settlement agreement, an *investment-related* civil action brought against you by a state or *foreign financial regulatory authority*? | �015 | ⟎ |

Web CRD » U4 Print Preview - Ref # 29258150756391ED » All Sections                                                                 Page 10 of 15

**(2) Are you named in any pending *Investment-related* civil action that could result in a "yes" answer to any part of 14H(1)?**   ○ ⊙

## Customer Complaints

**14I. (1) Have you ever been named as a respondent/defendant in an *investment-related*, consumer-initiated arbitration or YES NO civil litigation which alleged that you were *involved* in one or more *sales practice violations* and which:**

   (a) is still pending, or;                                                                                                          ○ ⊙

   (b) resulted in an arbitration award or civil judgment against you, regardless of amount, or,                                       ○ ⊙

   (c) was settled for an amount of $10,000 or more?                                                                                   ○ ⊙

**(2) Have you ever been the subject of an *investment-related*, consumer-initiated complaint, not otherwise reported under question 14I(1) above, which alleged that you were *involved* in one or more *sales practice violations*, and which complaint was settled for an amount of $10,000 or more?**   ○ ⊙

**(3) Within the past twenty four (24) months, have you been the subject of an *investment-related*, consumer-initiated, written complaint, not otherwise reported under question 14I(1) or (2) above, which:**

   (a) alleged that you were *involved* in one or more *sales practice violations*) and contained a claim for compensatory damages of $5,000 or more (if no damage amount is alleged, the complaint must be reported unless the firm has made a good faith determination that the damages from the alleged conduct would be less than $5,000), or;   ○ ⊙

   (b) alleged that you were *involved* in forgery, theft, misappropriation or conversion of funds or securities?                      ○ ⊙

## Terminations

**14J. Have you ever voluntarily *resigned*, been discharged or permitted to *resign* after allegations were made that accused   YES NO you of:**

   (1) violating *investment-related* statutes, regulations, rules, or industry standards of conduct?                                 ○ ⊙

   (2) fraud or the wrongful taking of property?                                                                                      ○ ⊙

   (3) failure to supervise in connection with *investment-related* statutes, regulations, rules or industry standards of conduct?    ○ ⊙

## Financial

**14K. Within the past 10 years:**   YES NO

   (1) have you made a compromise with *creditors*, filed a bankruptcy petition or been the subject of an involuntary bankruptcy petition?   ○ ⊙

   (2) based upon events that occurred while you exercised *control* over it, has an organization made a compromise with creditors, filed a bankruptcy petition or been the subject of an involuntary bankruptcy petition?   ○ ⊙

   (3) based upon events that occurred while you exercised *control* over it, has a broker or dealer been the subject of an involuntary bankruptcy petition, or had a trustee appointed, or had a direct payment procedure initiated under the Securities Investor Protection Act?   ○ ⊙

**14L. Has a bonding company ever denied, paid out on, or revoked a bond for you?**   ○ ⊙

https://filing.crd.nasdr.com/FRMa/u4u5/CRD_FRM_U4U5ViewList.asp?FR=0&RefNum=29258150756391ED&form=U4&type=RELICENSE 12/13/02

**14M. Do you have any unsatisfied judgments or liens against you?**

Rev Form U-4 (03/2002)

## 15. SIGNATURE SECTION

Please Read Carefully

All signatures required on this Form U-4 filing must be made in this section

A "signature" includes a manual signature or an electronically transmitted equivalent. For purposes of an electronic form filing, a signature is effected by typing a name in the designated signature field. By typing a name in this field, the signatory acknowledges and represents that the entry constitutes in every way, use, or aspect, his or her legally binding signature

**15A**  INDIVIDUAL/APPLICANT'S ACKNOWLEDGMENT AND CONSENT
This section must be completed on all initial or Temporary Registration form filings.

**15B**  FIRM/APPROPRIATE SIGNATORY REPRESENTATIONS
This section must be completed on all initial or Temporary Registration form filings.

**15C**  TEMPORARY REGISTRATION ACKNOWLEDGMENT
This section must be completed on Temporary Registration form filings to be able to receive Temporary registration

**15D**  INDIVIDUAL/APPLICANT'S AMENDMENT ACKNOWLEDGMENT AND CONSENT
This section must be completed on any amendment filing that amends any information in Section 14 (Disclosure Questions) or any Disclosure Reporting Page (DRP)

**15E**  FIRM/APPROPRIATE SIGNATORY AMENDMENT REPRESENTATIONS
This section must be completed on all amendment form filings.

**15F**  FIRM/APPROPRIATE SIGNATORY CONCURRENCE
This section must be completed to concur with a U4 filing made by another *firm* (1A/BD) on behalf of an individual that is also registered with that other *firm* (1A/BD)

### 15A. INDIVIDUAL/APPLICANT'S ACKNOWLEDGMENT AND CONSENT

1  I swear or affirm that I have read and understand the *items and instructions* on this form and that my answers (including attachments) are true and complete to the best of my knowledge. I understand that I am subject to administrative, civil or criminal penalties if I give false or misleading answers

2  I apply for registration with the *jurisdictions* and *SROs* indicated in Section 4 (SRO REGISTRATION) and Section 5 (JURISDICTION REGISTRATION) as may be amended from time to time and, in consideration of the *jurisdictions* and *SROs* receiving and considering my application, I submit to the authority of the *jurisdictions* and *SROs* and agree to comply with all provisions, conditions and covenants of the statutes, constitutions, certificates of incorporation, by-laws and rules and regulations of the *jurisdictions* and *SROs* as they are or may be adopted, or amended from time to time. I further agree to be subject to and comply with all requirements, rulings, orders, directives and decisions of, and penalties, prohibitions and limitations imposed by the *jurisdictions* and *SROs*, subject to right of appeal or review as

https://flung.crd.nasdr.com/FRMa/u4u5/CRD_FRM_U4U5ViewHist.asp?FR=0&RetfNum=2925815075639BED&form=U4&type=RELICENSE  12/13/02

provided by law.

3.  I agree that neither the *jurisdictions* or *SROs* nor any person acting on their behalf shall be liable to me for action taken or omitted to be taken in official capacity or in the scope of employment, except as otherwise provided in the statutes, constitutions, certificates of incorporation, by-laws or the rules and regulations of the *jurisdictions* and *SROs*

4.  I authorize the *jurisdictions*, *SROs*, and the *designated entity* to give any information they may have concerning me to any employer or prospective employer, any federal, state or municipal agency, or any other *SRO* and I release the *jurisdictions*, *SROs*, and the *designated entity*, and any person acting on their behalf from any and all liability of whatever nature by reason of furnishing such information

5.  I agree to arbitrate any dispute, claim or controversy that may arise between me and my *firm*, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the *SROs* indicated in Section 4 (SRO REGISTRATION) as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent *jurisdiction*

6.  For the purpose of complying with the laws relating to the offer or sale of securities or commodities or investment advisory activities, I irrevocably appoint the administrator of each *jurisdiction* indicated in Section 5 (JURISDICTION REGISTRATION) as may be amended from time to time, or such other person designated by law, and the successors in such office, my attorney upon whom may be served any notice, process, pleading, subpoena or other document in any action or *proceeding* against me arising out of or in connection with the offer or sale of securities or commodities, or investment advisory activities or out of the violation or alleged violation of the laws of such *jurisdictions*  I consent that any such action or *proceeding* against me may be commenced in any court of competent *jurisdiction* and proper venue by service of process upon the appointee as if I were a resident of, and had been lawfully served with process in the *jurisdiction*  I request that a copy of any notice, process, pleading, subpoena or other document served hereunder be mailed to my current residential address as reflected in this form or any amendment thereto.

7.  I consent that the service of any process, pleading, subpoena, or other document in any *investigation* or administrative *proceeding* conducted by the SEC, CFTC or a *jurisdiction* or in any civil action in which the SEC, CFTC or a *jurisdiction* are plaintiffs, or the notice of any *investigation* or *proceeding* by any *SRO* against the *applicant*, may be made by personal service or by regular, registered or certified mail or overnight telegram to me at my most recent business or home address as reflected in this Form U-4, or any amendment thereto, by leaving such documents or notice at such address, or by any other legally permissible means

8.  I further stipulate and agree that any civil action or administrative *proceeding* instituted by the SEC, CFTC or a *jurisdiction* may be commenced by the service of process as described herein, and that service of an administrative subpoena shall be effected by such service, and that service as aforesaid shall be taken and held in all courts and administrative tribunals to be valid and binding as if personal service thereof had been made.

    I authorize all my employers and any other person to furnish to any *jurisdiction*, *SRO*, *designated entity*, employer, prospective employer, or any agent acting on its behalf, any information they have, including without limitation my creditworthiness, character, ability, business activities, educational background, general reputation, history of my employment and, in the case of former employers, complete reasons for my termination  Moreover, I release each employer, former employer and each other person from any and all liability, of whatever nature, by reason of furnishing any of the above information, including that information reported on the Uniform Termination Notice for Securities Industry Registration (Form U-5)  I recognize that I may be the subject of an investigative consumer report and waive any requirement of notification with respect to any investigative consumer report ordered by any *jurisdiction*, *SRO*, *designated entity*, employer, or prospective employer  I understand that I have the right to request complete and accurate disclosure by the *jurisdiction*, *SRO*, *designated entity*, employer or prospective employer of the nature and scope of the requested investigative consumer report.

I understand and certify that the representations in this form apply to all employers with whom I seek registration as indicated in Section 1 (GENERAL INFORMATION) or Section 6 (REGISTRATION REQUESTS WITH AFFILIATED FIRMS) of this form  I agree to update this form by

Web CRD » U4 Print Preview - Ref # 29258150756398ED » All Sections

9    causing an amendment to be filed on a timely basis when ˙˙˙ˉ ˙hanges occur to answers previously reported. Further, I represent that, to
     the extent any information previously submitted is not a˙ ˙˙˙ˉ, the ˙˙˙˙ation provided in this form is currently accurate and complete

     I authorize any employer or prospective employer to file ˙˙˙onically ˙˙ behalf any information required in this form or any amendment
     thereto; I certify that I have reviewed and a˙˙ˉoved ˙˙ matter ˙ubmitted to any _jurisdiction_ or SRO on this Form U-4 Application;
10.  I agree that I will review and approve all c˙˙˙osure ˙ˉion th˙ filed electronically on my behalf; I further agree to waive any
     objection to the admissibility of the electronically fil˙ ˙ˉs in ˙ˉ˙al, civil, or administrative _proceeding._

_Applicant or applicant's agent has typed applic˙˙˙ˉ's nam˙_ ˙ˉr th˙˙ˉ ˙˙ˉ ˙ˉ attest to the completeness and accuracy of this record. The
_applicant recognizes that this typed name constitutes, in_ ˙ way, ˙ˉse ˙˙˙ˉct, his or her legally binding signature

**Date (MM/DD/YYYY)**          **Signature of Ap˙˙˙˙˙˙ˉ˙nt**
12/13/2002                     JAMES A MILNES
                               **Signature** —

## 15B. FIRM/APPROPRIATE SIGNATORY REPRESENTATIONS

To the best of my knowledge and belief, the _applicant_ is currently bonded where required, and, at the time of approval, will be familiar with the
statutes, constitution(s), rules and by-laws of the agency, _jurisdiction_ or SRO with which this application is being filed, and the rules governing
registered persons, and will be fully qualified for the position for which application is being made herein  I agree that, notwithstanding the
approval of such agency, _jurisdiction_or SRO which hereby is requested, I will not employ the _applicant_ in the capacity stated herein without first
receiving the approval of any authority that may be required by law.

This _firm_ has communicated with all of the _applicant's_ previous employers for the past three years and has documentation on file with the names
of the persons contacted and the date of contact. In addition, I have taken appropriate steps to verify the accuracy and completeness of the
information contained in and with this application.

I have provided the _applicant_ an opportunity to review the information contained herein and the _applicant_ has approved this information and
signed the Form U-4

**Date (MM/DD/YYYY)**          **Signature of Appropriate Signatory:**
2/13/2002                      JOHN R. PIERCE, JR
                               **Printed Name**

## 15C. TEMPORARY REGISTRATION ACKNOWLEDGMENT

Temporary Registration to conduct securities business in that _jurisdiction_ or SRO if this acknowledgment is executed and filed with the Form U-4
at the _applicant's firm_

This acknowledgment must be signed only if the _applicant_ intends to apply for a Temporary Registration while the application for registration is
under review.

I request a Temporary Registration in each _jurisdiction_ and/or SRO requested on this Form U-4, while my registration with the _jurisdiction_(s)
and/or SRO(s) requested is under review;

I am requesting a Temporary Registration with the _firm_ filing on my behalf for the _jurisdiction_(s) and/or SRO(s) noted in Section 4 (SRO
REGISTRATION) and/or Section 5 (JURISDICTION REGISTRATION) of this Form U-4,

˙˙ˉs ///fi˙ˉ˙ ˙ˉd nasdr.com/FRMa/u4uS/CRD_FRM_U4USViewl1st.asp?FR=0&RefNum=29258150756398ED&form=U4&type=RELICENSE 12/13/02

Web CRD » U4 Print Preview - Ref # 29258l5075639BED » All Sections

Page 14 of 15

I understand that I may request a Temporary Registration only in those *jurisdiction*(s) and/or *SRO*(s) in which I have been registered with my prior *firm* within the previous 30 days,

I understand that I may not engage in any securities activities requiring registration in a *jurisdiction* and/or *SRO* until I have received notice from the CRD or IARD that I have been granted a Temporary Registration in that *jurisdiction* and/or *SRO*;

I agree that until the Temporary Registration has been replaced by a registration, any *jurisdiction* and/or *SRO* in which I have applied for registration may withdraw the Temporary Registration,

If a *jurisdiction* or *SRO* withdraws my Temporary Registration, my application will then be held pending in that *jurisdiction* and/or *SRO* until its review is complete and the registration is granted or denied, or the application is withdrawn;

I understand and agree that, in the event my Temporary Registration is withdrawn by a *jurisdiction* and/or *SRO*, I must immediately cease any securities activities requiring a registration in that *jurisdiction* and/or *SRO* until it grants my registration;

I understand that by executing this Acknowledgment I am agreeing not to challenge the withdrawal of a Temporary Registration; however, I do not waive any right I may have in any *jurisdiction* and/or *SRO* with respect to any decision by that *jurisdiction* and/or *SRO* to deny my application for registration.

**Date (MM/DD/YYYY)**
12/13/2002

**Signature of Applicant**
JAMES A. MILNES, JR.

**Printed Name**

---

**CRIMINAL DRP**

No Information Filed

**REGULATORY ACTION DRP**

No Information Filed

**CIVIL JUDICIAL DRP**

No Information Filed

**CUSTOMER COMPLAINT DRP**

No Information Filed

**TERMINATION DRP**

https://filing.crd.nasdr.com/FRMا/u4u5/CRD_FRM_U4U5ViewList.asp?FR=0&RefNum=29258l5075639BED&form=U4&type=RELICENSE 12/13/02

Web CRD » U4 Print Preview - Ref # 29258l5075639BED » All Sections

Page 15 of 15

No Information Filed

Rev Form U-4 (03/2002)

**INVESTIGATION DRP**

No Information Filed

Rev Form U-4 (03/2002)

**BANKRUPTCY/SIPC/COMPROMISE WITH CREDITORS DRP**

No Information Filed

Rev Form U-4 (03/2002)

**BOND DRP**

No Information Filed

Rev Form U-4 (03/2002)

**JUDGMENT LIEN DRP**

No Information Filed

## ATTACHMENT A
**(Please read, sign and return to the Registration Department with your Form U-4)**

### 3080. Disclosure to Associated Persons When Signing Form U-4

*A member shall provide an associated person with the following written statement whenever the associated person is asked to sign a new or amended Form U-4*

The Form U-4 contains a predispute arbitration clause. It is in item 5 on page 4 of the Form U-4. You should read that clause now. Before signing the Form U-4, you should understand the following

(1) You are agreeing to arbitrate any dispute, claim or controversy that may arise between you and your firm, or a customer, or any other person, that is required to be arbitrated under the rules of the self-regulatory organizations with which you are registering. *This means you are giving up the right to sue a member, customer, or another associated person in court, including the right to a trial by jury, except as provided by the rules of the arbitration forum in which a claim is filed*

(2) A claim alleging employment discrimination, including a sexual harassment claim, in violation of a statute is not required to be arbitrated under the NASD rules. Such a claim may be arbitrated at the NASD only if the parties have agreed to arbitrate it, either before or after the dispute arose. *The rules of other arbitration forums may be different*

(3) Arbitration awards are generally final and binding, a party's ability to have a court reverse or modify an arbitration award is very limited

(4) The ability of the parties to obtain documents, witness statements and other discovery is generally more limited in arbitration than in court proceedings

(5) *The arbitrators do not have to explain the reason(s) for their award*

(6) The panel of arbitrators may include arbitrators who were or are affiliated with the securities industry, or public arbitrators, as provided by the rules of the arbitration forum in which a claim is filed

(7) The rules of some arbitration forums may impose time limits for bringing a claim in arbitration. In some cases, a claim that is ineligible for arbitration may be brought in court

Date  12/30/02          Signed _____

                        Print Name  James A. Milnes, Jr

OFFICE OF GENERAL COUNSEL
REGISTRATION DEPT
2002 DEC 31  P 12 50

# EXHIBIT "C"

**Award**
**FINRA Dispute Resolution**

In the Matter of the Arbitration Between:

Merrill Lynch, Pierce, Fenner & Smith Incorporated (Claimant) vs. James A. Milnes

Case Number: 09-05711                    Hearing Site: Philadelphia, Pennsylvania

Nature of the Dispute: Member vs. Associated Person.

## REPRESENTATION OF PARTIES

Claimant Merrill Lynch, Pierce, Fenner & Smith Incorporated, hereinafter referred to as "Claimant": Amy Fritsky, Esq., Rubin Fortunato & Harbison P.C., Paoli, PA.

Respondent James A. Milnes, hereinafter referred to as "Respondent": John E. MacDonald, Esq., Constangy Brooks & Smith LLP, Princeton, NJ.

## CASE INFORMATION

Statement of Claim filed on or about: October 2, 2009.
Reply to Counterclaim filed on or about: August 30, 2010.
Claimant signed the Submission Agreement: September 18, 2009.

Statement of Answer filed by Respondent on or about: January 5, 2010.
First Amended Statement of Answer and Counterclaim filed on or about:
July 16, 2010.
Respondent signed the Submission Agreement: September 18, 2009.

## CASE SUMMARY

Claimant asserted the following causes of action: breach of promissory note and unjust enrichment.

Unless specifically admitted in his Answer, Respondent denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

Respondent asserted the following causes of action in his Counterclaim: breach of contract, negligent supervision, tortious interference with economic advantage, fraud, and violation of the Pennsylvania Wage Payment and Collection Act.

Unless specifically admitted in its Reply to Counterclaim, Claimant denied the allegations made in the Counterclaim and asserted various affirmative defenses.

FINRA Dispute Resolution
Arbitration No. 09-05711
Award Page 2 of 5

## RELIEF REQUESTED

In the Statement of Claim, Claimant requested payment of the outstanding balance of the promissory note in the amount of $134,204.50, interest in the amount of 4.75 % per annum from September 15, 2008 through such date as the principal and interest are fully paid, attorney's fees and costs, and any additional relief the Panel deems just and appropriate.

Respondent requested that the Panel deny the Statement of Claim and that the Panel grant judgment of the Counterclaim in an amount exceeding $150,000.00, costs, and such other relief as the Panel deems equitable.

In its Reply to the Counterclaim, Claimant requested that Respondent's Counterclaim be denied in its entirety, that all costs be assessed against Respondent.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

By Order dated February 2, 2011, the Panel deferred decision on Claimant's Motion for Sanctions until the hearing. After due deliberation, the Panel granted Claimant's Motion for Sanctions.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and the post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Respondent is liable for and shall pay to Claimant compensatory damages in the amount of $134,204.50.

2. Respondent is liable for and shall pay to Claimant interest in the amount of $18,018.72, representing interest at the rate of 4.75% per annum from September 15, 2008 to July 13, 2011.

3. Respondent is liable for and shall pay to Claimant attorneys' fees in the amount of $81,758.21 pursuant to the terms of the Promissory Note. The Panel determined that a certain number of hours were excessive and were deducted from the total amount claimed by Claimant.

4. Respondent's Counterclaim is denied in its entirety.

5. Any and all relief not specifically addressed herein is denied.

FINRA Dispute Resolution
Arbitration No. 09-05711
Award Page 3 of 5

## FEES

Pursuant to the Code, the following fees are assessed:

**Filing Fees**
FINRA Dispute Resolution assessed a filing fee* for each claim:
| | |
|---|---|
| Initial claim filing fee | = $2,125.00 |
| Counterclaim filing fee | = $1,425.00 |

*The filing fee is made up of a non-refundable and a refundable portion.*

**Member Fees**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute. Accordingly, as a party, Merrill Lynch, Pierce, Fenner & Smith Incorporated, is assessed the following:
| | |
|---|---|
| Member surcharge | = $1,700.00 |
| Pre-hearing process fee | = $ 750.00 |
| Hearing process fee | = $2,750.00 |

**Adjournment Fees**
Adjournments granted during these proceedings for which fees were assessed:

| | |
|---|---|
| April 25, 2011 adjournment by Claimant | = $1,125.00 |

1. The Panel assessed $562.50 of the adjournment fees to Claimant.
2. The Panel has assessed $562.50 of the adjournment fees to Respondent.

| | |
|---|---|
| June 14, 2011 adjournment by Respondent | Waived |

**Discovery-Related Motion Fees**
Fees apply for each decision rendered on a discovery-related motion.

| | |
|---|---|
| One (1) Decision on discovery-related motion on the papers with one(1) arbitrator @ $200.00 | = $200.00 |
| Claimant submitted one (1) discovery-related motion | |
| Total Discovery-Related Motion Fees | = $200.00 |

The Panel has assessed $200.00 of the discovery-related motion fees to Claimant.

**Hearing Session Fees and Assessments**
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrator that last four (4) hours or less. Fees associated with these proceedings are:

| | |
|---|---|
| One (1) Pre-hearing session with Panel @ $1,125.00/session | = $1,125.00 |
| Pre-hearing conference:   May 7, 2010      1 session | |

FINRA Dispute Resolution
Arbitration No. 09-05711
Award Page 4 of 5

| Six (6) Hearing sessions with Panel @ $1,125.00/session | | | = $6,750.00 |
|---|---|---|---|
| Hearing Date: | February 7, 2011 | 2 sessions | |
| | February 8, 2011 | 2 sessions | |
| | July 13, 2011 | 2 sessions | |
| Total Hearing Session Fees | | | = $7,875.00 |

1. The Panel has assessed $3,937.50 of the hearing session fees to Claimant.
2. The Panel has assessed $3,937.50 of the hearing session fees to Respondent.


All balances are payable to FINRA Dispute Resolution and are due upon receipt.

FINRA Dispute Resolution
Arbitration No. 09-05711
Award Page 5 of 5

## ARBITRATION PANEL

| | | |
|---|---|---|
| David S. Paul | - | Public Arbitrator, Presiding Chairperson |
| Gregory Hunter Mathews | - | Public Arbitrator |
| Robert Alan Mayer | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument which is my award.

## Concurring Arbitrators' Signatures

David S. Paul
Public Arbitrator, Presiding Chairperson

9/7/11
Signature Date


Gregory Hunter Mathews
Public Arbitrator

Signature Date


Robert Alan Mayer
Non-Public Arbitrator

Signature Date


September 8, 2011

Date of Service (For FINRA Dispute Resolution use only)

FINRA Dispute Resolution
Arbitration No. 09-05711
Award Page 5 of 5

## ARBITRATION PANEL

| David S. Paul | - | Public Arbitrator, Presiding Chairperson |
| Gregory Hunter Mathews | - | Public Arbitrator |
| Robert Alan Mayer | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument which is my award.

**Concurring Arbitrators' Signatures**

_____                          _____
David S. Paul                                   Signature Date
Public Arbitrator, Presiding Chairperson

Gregory Hunter Mathews                          $9-6-11$
Public Arbitrator                               Signature Date

_____                          _____
Robert Alan Mayer                               Signature Date
Non-Public Arbitrator

September 8, 2011
_____
Date of Service (For FINRA Dispute Resolution use only)

646 625 6111                                                    05:36:00 p.m.   09-08-2011      11/13

FINRA Dispute Resolution
Arbitration No. 09-05711
Award Page 5 of 5

## ARBITRATION PANEL

David S. Paul                    -       Public Arbitrator, Presiding Chairperson
Gregory Hunter Mathews           -       Public Arbitrator
Robert Alan Mayer                -       Non-Public Arbitrator

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein
and who executed this instrument which is my award.

### Concurring Arbitrators' Signatures

_____                          _____
David S. Paul                                     Signature Date
Public Arbitrator, Presiding Chairperson

_____                          _____
Gregory Hunter Mathews                            Signature Date
Public Arbitrator

_____                          9/5/11
Robert Alan Mayer                                 _____
Non-Public Arbitrator                             Signature Date

September 8, 2011
_____
Date of Service (For FINRA Dispute Resolution use only)

# EXHIBIT "D"

FINra

Print

## 13904. Awards

**The Industry Code applies to claims filed on or after April 16, 2007. In addition, the list selection provisions of the Industry Code apply to previously filed claims in which a list of arbitrators must be generated after April 16, 2007; in these cases, however, the claim will continue to be governed by the remaining provisions of the old Code unless all parties agree to proceed under the new code.**

(a) All awards shall be in writing and signed by a majority of the arbitrators or as required by applicable law. Such awards may be entered as a judgment in any court of competent jurisdiction.

(b) Unless the applicable law directs otherwise, all awards rendered under the Code are final and are not subject to review or appeal.

(c) The Director will serve a copy of the award on each party or the representative of the party. The Director will serve the award by using any method available and convenient to the parties and the Director, and that is reasonably expected to cause the award to be delivered to all parties, or their representative, on the same day. Methods the Director may use include, but are not limited to, first class, registered or certified mail, hand delivery, and facsimile or other electronic transmission.

(d) The panel shall endeavor to render an award within 30 business days from the date the record is closed.

(e) The award shall contain the following:

- The names of the parties;

- The name of the parties' representatives, if any;

- An acknowledgement by the arbitrators that they have each read the pleadings and other materials filed by the parties;

- A summary of the issues, including the type(s) of any security or product, in controversy;

- The damages and other relief requested;

- The damages and other relief awarded;

- A statement of any other issues resolved;

- The allocation of forum fees and any other fees allocable by the panel;

- The names of the arbitrators;

- The dates the claim was filed and the award rendered;

- The number and dates of hearing sessions;

- The location of the hearings; and

- The signatures of the arbitrators.

(f) The award may contain a rationale underlying the award.

**(g) Explained Decisions**

(1) This paragraph (g) applies only when all parties jointly request an explained decision.

(2) An explained decision is a fact-based award stating the general reason(s) for the arbitrators' decision. Inclusion of legal authorities and damage calculations is not required.

(3) Parties must make any request for an explained decision no later than the time for the prehearing exchange of documents and witness lists under Rule 13514(d).

(4) The chairperson of the panel will be responsible for writing the explained decision.

(5) The chairperson will receive an additional honorarium of $400 for writing the explained decision, as required by this paragraph (g). The panel will allocate the cost of the chairperson's honorarium to the parties as part of the final award.

(6) This paragraph (g) will not apply to simplified cases decided without a hearing under Rule 13800 or to default cases conducted under Rule 13801.

(h) All awards shall be made publicly available.

(i) Fees and assessments imposed by the arbitrators under the Code shall be paid immediately upon the receipt of the award by the parties. Payment of such fees shall not be deemed ratification of the award by the parties.

(j) All monetary awards shall be paid within 30 days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction. An award shall bear interest from the date of the award:

- If not paid within 30 days of receipt;

- If the award is the subject of a motion to vacate which is denied; or

- As specified by the panel in the award.

Interest shall be assessed at the legal rate, if any, then prevailing in the state where the award was rendered, or at a rate set by the arbitrator(s).

---

Amended by SR-FINRA-2009-026 eff. Apr. 17, 2009.
Amended by SR-FINRA-2008-051 eff. Apr. 13, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. Apr. 16, 2007.

**Selected Notice:** 07-07, 08-57, 09-16.

---

©2008 FINRA. All rights reserved.

# EXHIBIT "E"



**FINra**
Financial Industry Regulatory Authority

VIA FACSIMILE AND MAIL

September 8, 2011

Christian Choi, Esq.
Rubin Fortunato & Harbison P.C.
10 South Leopard Road
Paoli, PA 19301

Subject:    FINRA Dispute Resolution Arbitration Number 09-05711
           Merrill Lynch, Pierce, Fenner & Smith Incorporated vs. James A. Milnes

Dear Mr. Choi:

In accordance with the Code of Arbitration Procedure I enclose the decision reached by the
arbitrator(s) in the above-referenced matter.

<u>Responsibility to Pay Monetary Award</u>

Pursuant to the Code of Arbitration Procedure[1] the responsible party must pay any monetary
awards within 30 days of receipt unless a motion to vacate has been filed with a court of
competent jurisdiction.  If an award is not paid within 30 days, the responsible party must pay
post-judgment interest at the legal rate or as provided in the award by the arbitrator(s).

<u>Tracking Payment of Award</u>

FINRA Dispute Resolution has implemented a system of monitoring and tracking compliance with
arbitration awards by members and associated persons. We request prevailing claimants to notify
us in writing when their awards have not been paid within 30 days of receipt of the award, and
require member firms to certify in writing that they have complied with awards against them or
their associated persons.

Written notification concerning award compliance or lack thereof must be directed to:

David Carey
FINRA Dispute Resolution
One Liberty Plaza
165 Broadway, 52nd Floor

---

[1]Customer Code Rule 12904
Industry Code Rule 13904
Old Code Rule 10330(h)

Investor protection. Market integrity.          Dispute Resolution          One Liberty Plaza     t  212 858 4200
                                                Northeast Regional Office    165 Broadway      f  301 527 4873
                                                                             27th Floor        www.finra.org
                                                                             New York, NY
                                                                             10006-1404

New York, NY 10006
212-858-4333 (tel) 301-527-4706 (fax)

### Expedited Suspension Proceedings for Non-Payment of Awards

Members and associated persons who do not comply with an award in a timely manner are subject to expedited suspension proceedings as set forth in Rule 9554.

### Right to File Motion to Vacate Award

All awards are **final** and are not subject to review or appeal by the arbitration panel or by FINRA Dispute Resolution. Any party wishing to challenge the award must make a motion to vacate the award **in a federal or state court** of appropriate jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 10, or applicable state statute. There are limited grounds for vacating an arbitration award, and a party must bring a motion to vacate within the time period specified by the applicable statute. Parties and counsel should consult federal and state statutes and case law to determine the appropriate court, standards, and time limitations in their individual circumstances. FINRA Dispute Resolution is not authorized to provide legal advice concerning a motion to vacate.

A motion to vacate, confirm, or modify an arbitration award is a matter only between the parties to the arbitration. FINRA Dispute Resolution is not a proper party to post-award motions and should not be named as a party to any post-award motion. However, for cases filed on or after April 12, 2004, if the award contains expungement relief, or if a party seeks expungement relief in court, there may be a duty to name FINRA as a party as provided in Rule 2080.

### Questions Concerning Award

Please direct any questions regarding this award to me. Please note that requests for disciplinary referrals, as well as the panels' decisions on the requests, will not be reflected in awards. **The parties must not contact the arbitrators directly.**

### Forum Fees

You will receive under separate cover an invoice that reflects the fees assessed and any outstanding balance or refund due. **Fees are due and payable to FINRA Dispute Resolution upon receipt of the invoice and remitted to the address specified on the invoice.**

Any applicable refunds will also be sent under separate cover approximately 45 days after the case closes. Pursuant to the Code of Arbitration Procedure, "Any refunds of fees or costs incurred under the Code will be paid directly to the named parties, even if a non-party made payment on behalf of the named parties."[2]

All questions regarding payment of fees and refunds should be directed to FINRA Finance at (240) 386-5910.

### Arbitration Evaluation

---

[2] Customer Code Rule 12902(e)
Industry Code Rule 13902(e)

As a service organization, the primary goals of FINRA Dispute Resolution are the integrity of its process and the satisfaction of its clients. To ensure that we are meeting your needs and satisfying our commitment to you, **we need to hear from you.** If you have not already done so, please take the time to complete an evaluation of our services, the process, and the arbitrator(s) assigned to your case. For your convenience, we have now made it possible for you to evaluate our services using the Internet. Please direct your Web browser to http://www.finra.org/arbevaluation.

If you do not have Internet access, or have difficulty completing the evaluation form online, we will send a hard copy evaluation form to you. The completed evaluation form should be mailed in to the address indicated below. If you need a hard copy of the evaluation form, please contact the undersigned. Whenever possible, however, we encourage you to use the new online version, as it will help us to review your feedback in a more expeditious manner. Your feedback is a valuable and necessary component in our efforts to serve you better.

Very truly yours,

Venier Martin
Case Administrator
Phone:   212-858-4200
Fax:      301-527-4873
NEProcessingCenter@finra.org


VM:adg:LC09A
idr: 08/05/2011


RECIPIENTS:
     Christian Choi, Esq., Merrill Lynch Pierce Fenner & Smith Inc.
     Rubin Fortunato & Harbison P.C., 10 South Leopard Road, Paoli, PA 19301

     John E. MacDonald, Esq., James Anthony Milnes
     Constangy Brooks & Smith LLP, 100 Overlook Center, 2nd Floor, Princeton, NJ 08540

# EXHIBIT "F"



Financial Industry Regulatory Authority

VIA FACSIMILE AND MAIL

September 8, 2011

COPY -- SEE RECIPIENT LIST

Subject:    FINRA Dispute Resolution Arbitration Number 09-05711
            Merrill Lynch, Pierce, Fenner & Smith Incorporated vs. James A. Milnes

Dear Mr. MacDonald:

An arbitration Panel issued the enclosed award ordering you, or your client(s), to pay monetary
damages or provide other relief to a party in the above-referenced matter.

Please be aware that the Code of Arbitration Procedure[1] provides as follows:

> All monetary awards shall be paid within thirty (30) days of receipt unless a motion to
> vacate has been filed with a court of competent jurisdiction. An award shall bear interest
> from the date of the award: (1) if not paid within thirty (30) days of receipt, (2) if the award
> is the subject of a motion to vacate which is denied, or (3) as specified by the arbitrator(s)
> in the award.  Interest shall be assessed at the legal rate, if any, then prevailing in the
> state where the award was rendered, or at a rate set by the arbitrator(s).

FINRA Dispute Resolution has implemented a system of monitoring and tracking compliance with
arbitration awards by members and associated persons.  Therefore, we request prevailing
claimants to notify us in writing when their awards have not been paid within 30 days of receipt of
the award, and require member firms to certify in writing that they have complied with awards
against them or their associated persons.

**Members must notify FINRA Dispute Resolution in writing, within 30 days of receipt of the
award, whether or not they or their associated persons have complied with the award.  The
30-day period ends on:**  October 10, 2011 Associated persons who have changed employment
since the arbitration claim was filed are required to notify FINRA Dispute Resolution directly
regarding the payment status of any awards against them.  Please review Notice to Members 00-
55 for more information on the notification requirement and the sanctions for noncompliance.

All awards are **final** and are not subject to review or appeal by the arbitration panel or by FINRA
Dispute Resolution.  Any party wishing to challenge the award must make a motion to vacate the

---
[1]Customer Code Rule 12904(i)
 Industry Code Rule 13904(i)
 Old Code Rule 10330(h)

Investor protection. Market integrity.          Dispute Resolution          One Liberty Plaza          t  212 858 4200
                                                Northeast Regional Office     165 Broadway              f  301 527 4873
                                                                             27th Floor                 www.finra.org
                                                                             New York. NY
                                                                             10006-1404

award **in a federal or state court** of appropriate jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 10, or applicable state statute. There are limited grounds for vacating an arbitration award, and a party must bring a motion to vacate within the time period specified by the applicable statute. Parties and counsel should consult federal and state statutes and case law to determine the appropriate court, standards, and time limitations in their individual circumstances. A motion to vacate, confirm, or modify an arbitration award is a matter only between the parties to the arbitration. FINRA Dispute Resolution is not a proper party to post-award motions and should not be named as a party to any post-award motion.

Please direct any questions regarding this award to me. **The parties must not contact the arbitrators directly.**

Please forward any questions or correspondence concerning the monitoring and tracking of arbitration awards and/or payment of awards to:

David Carey
FINRA Dispute Resolution
One Liberty Plaza
165 Broadway, 52nd floor
New York, NY, 10006

You may also contact him by telephone at 212-858-4333, fax at 301-527-4706, or e-mail at david.carey@finra.org.

Very truly yours,

Vanier Martin
Case Administrator
Phone:   212-858-4200
Fax:       301-527-4873
NEProcessingCenter@finra.org

VM:adg: LC09X
idr: 08/05/2011

CC:
    Christian Choi, Esq., Merrill Lynch Pierce Fenner & Smith Inc.
    Rubin Fortunato & Harbison P.C., 10 South Leopard Road, Paoli, PA 19301

RECIPIENTS:
    John E. MacDonald, Esq., James Anthony Milnes
    Constangy Brooks & Smith LLP, 100 Overlook Center, 2nd Floor, Princeton, NJ 08540