IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, | CASE NO. _____ |
| *Plaintiff,* | JUDGE _____ |
| v. | |
| JAMES A. MILNES, | |
| *Defendant.* | |

## MERRILL LYNCH'S MEMORANDUM OF LAW IN SUPPORT OF ITS PETITION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF FINAL JUDGMENT

Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") hereby files this Memorandum of Law in Support of its Petition to Confirm Arbitration Award and for Entry of Final Judgment. Merrill Lynch specifically seeks an Order confirming the award of a duly appointed securities industry arbitration panel (the "Panel"), together with interest, attorney's fees, and costs, pursuant to the Federal Arbitration Act and the Financial Industry Regulatory Authority Code of Arbitration Procedure.

## FACTS

Milnes worked as a financial advisor at Merrill Lynch from December 2002 until his voluntary resignation in September 2008. When Milnes began his employment with Merrill Lynch, he received a loan from Merrill Lynch in the amount of $600,000, the terms of which are set forth in the *Promissory Note* attached as Exhibit "A" to Merrill Lynch's Petition. By executing the *Promissory Note*, Milnes agreed to repay Merrill Lynch the principal loan in the amount of $600,000, together with interest at a rate of 4.75% per annum. See id. at ¶ 1. In addition, Milnes contractually agreed to pay Merrill Lynch's reasonable attorney's fees in the

event legal proceedings were required for collection of any outstanding balances under the *Promissory Note*. See id. at ¶ 7.

On September 15, 2008, Milnes voluntarily resigned his employment with Merrill Lynch. Despite Merrill Lynch's demand for repayment, Milnes failed and refused to repay the balance of the *Promissory Note* after his resignation. Therefore, on October 5, 2009, Merrill Lynch instituted an arbitration action with the Financial Industry Regulatory Authority ("FINRA"), captioned <u>Merrill Lynch, Pierce, Fenner & Smith Incorporated v. James A. Milnes</u>, FINRA No. 09-05711, to collect the balance, plus interest and attorney's fees, on the *Promissory Note*. On February 7, February 8, and July 13, 2011, Merrill Lynch and Milnes arbitrated Merrill Lynch's claims against Milnes, as well as Milnes's counterclaims for breach of contract and negligence, in a FINRA arbitration proceeding in Philadelphia, Pennsylvania. On September 8, 2011, FINRA served the parties with the Panel's Award, which requires Milnes to pay Merrill Lynch $134,204.50 in compensatory damages, $18,018.72 in accrued interest, and $81,758.21 in attorney's fees, for a total award of $233,981.43. A true and correct copy of the Award is attached as Exhibit "C" to Merrill Lynch's Petition.

## ARGUMENT

### A.     The Federal Arbitration Act Requires Confirmation of the Award.

Milnes was bound to and did knowingly and voluntarily arbitrate the claims asserted in the arbitration pursuant to an arbitration agreement set forth in ¶ 5 on page 12 of 15 of his Uniform Application for Securities Industry Registration ("Form U-4"), which he executed at the commencement of his employment with Merrill Lynch. Milnes's Form U-4 is attached as Exhibit "B" to Merrill Lynch's Petition. Along with the Form U-4, Milnes also signed a disclosure in which he again agreed to arbitrate any dispute with Merrill Lynch. See id.,

Attachment A.

Milnes agreed in his Form U-4 that "any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction." See id. The FINRA Code of Arbitration Procedure, the rules governing FINRA arbitrations ("FINRA Rules"), provides that FINRA arbitration awards "may be entered as a judgment in any court of competent jurisdiction." See FINRA Rule 13904(a), attached as Exhibit "D" to Merrill Lynch's Petition.

The Federal Arbitration Act ("FAA") governs the Petition because the arbitration agreement in this case, the Form U-4, is a contract evidencing a transaction involving interstate commerce. See 9 U.S.C. § 2; see also Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24-25 & n.2 (1991) (noting that the FAA is applicable to arbitration clauses contained in securities industry registration applications).

The FAA provides as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made **any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order** unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title [9 U.S.C. §§ 10, 11]. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9 (emphasis added). The United States Court of Appeals for the Third Circuit has recognized that "the FAA authorizes district courts to confirm arbitration awards when the parties agreed to have the arbitration award entered as a judgment by the court." Isidor Paiewonsky Assoc. v. Sharp Props. Inc., 998 F.2d 145, 154 n.11 (3d Cir. 1993) (citing 9 U.S.C. § 9); see also Dluhos v. Strasberg, 321 F.3d 365, 370 (3d Cir. 2003) (noting that review of

3

arbitration awards under the FAA is "extremely deferential"); Hancock Mut. Life Ins. Co. v. Olick, 151 F.3d 132, 136 (3d Cir. 1998) (stating that "the [FAA] authorizes the district court to confirm, vacate or modify the award under a narrow scope of judicial review").

The FAA further states that "[a]ny application to the court" under the FAA "shall be made and heard in the manner provided by law for the making and hearing of motions," unless otherwise provided in the FAA. 9 U.S.C. § 6.

Accordingly, this Court should confirm the Award because: (1) Milnes agreed to arbitrate all claims and agreed that any arbitration award against him may be entered as a judgment by any court of competent jurisdiction (Exhibit "B" to Petition, at ¶ 5); (2) the Award was issued in the City of Philadelphia, Philadelphia County, within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania; (3) the Award was issued in September 2011 (Exhibit "C" to Merrill Lynch's Petition), which is within the one-year time limitation set forth in the FAA; and (4) the Award has not been "vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]." 9 U.S.C. § 9.

### B. The FINRA Rules Require Milnes to Pay Interest on the Award.

The FINRA Rules provide that an award bears interest from the date the award was rendered if it is not paid within thirty (30) days of receipt. Specifically, FINRA Rule 13904(j) provides:

> All monetary awards shall be paid within thirty (30) days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction. An award shall bear interest from the date of the award:
>
>> (1) if not paid within 30 days of receipt,
>> (2) if the award is the subject of a motion to vacate which is denied, or
>> (3) as specified by the panel in the award.
>
> Interest shall be assessed at the legal rate, if any, then prevailing in

4

>     the state where the award was rendered, or at a rate set by the arbitrator(s).

See FINRA Rule 13904(j), attached as Exhibit "D" to Merrill Lynch's Petition.

FINRA's letter serving the Award reiterated Rule 13904(j)'s requirements by specifically providing that "the responsible party must pay any monetary awards within 30 days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction. If an award is not paid within 30 days, the responsible party must pay post-judgment interest at the legal rate or as provided in the award by the arbitrators." See Letter dated September 8, 2011, attached as Exhibit "E" to Merrill Lynch's Petition. In a separate letter to Milnes's counsel, FINRA advised that the "30-day period ends on: October 10, 2011." See Letter dated September 8, 2011, attached as Exhibit "F" to Merrill Lynch's Petition.

As of the date of this Petition, Milnes has failed to satisfy his obligations under the terms of the Award, and the Award has not been vacated, modified, or corrected. The Award did not provide a post-judgment interest rate. The "legal rate of interest" in Pennsylvania is set forth in 41 P.S. § 202 (2011), which states that "[r]eference in any law or document enacted or executed heretofore or hereafter to 'legal rate of interest' and reference in any document to an obligation to pay a sum of money 'with interest' without specification of the applicable rate shall be construed to refer to the rate of interest of six percent per annum." Therefore, Milnes owes annual interest on the Award, at a rate of six percent per year, from September 8, 2011 (the date the Award was rendered) until he satisfies the Award.

C. **The Court Should Also Award Attorney's Fees and Costs.**

Merrill Lynch is also entitled to the attorney's fees it will incur in this action. In the *Promissory Note* at issue in the underlying arbitration action, Milnes agreed to pay Merrill Lynch's reasonable attorney's fees "[i]n the event legal proceedings are required to be brought

5

for collection of any amount under this Promissory Note." <u>See</u> Promissory Note attached as Exhibit "A" to Merrill Lynch's Petition. Consequently, Milnes owes Merrill Lynch the fees it has incurred in filing this Petition. In addition, the Court should assess all costs for this action against Milnes. Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

## CONCLUSION

Merrill Lynch has satisfied all of the FAA's requirements for confirmation of the Award. Furthermore, Milnes owes interest on the Award pursuant to the FINRA Rules. In addition, Merrill Lynch is entitled to its attorney's fees and costs associated with this Petition. Accordingly, Merrill Lynch respectfully requests that this Court enter an Order confirming the Award, plus applicable interest, attorney's fees, all costs, and any other relief as this Court deems just and proper.

Dated:  November 1, 2011                          Respectfully submitted,

*Amy M. Fritsky*
_____
Michael J. Fortunato
   *mfortunato@rubinfortunato.com*
Amy M. Fritsky
   *afritsky@rubinfortunato.com*
Rubin, Fortunato & Harbison P.C.
10 South Leopard Road
Paoli, Pennsylvania 19301
Tel:  610-408-2049
Fax:  610-854-1853

*Attorneys for Plaintiff Merrill Lynch,*
*Pierce, Fenner & Smith Incorporated*

6